UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GILBERT WHITE,<br><br>　　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:15-cv-00534-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 14). Respondents contend, *inter alia*, that the petition is subject to dismissal with prejudice as untimely, which is the only issue reached herein. Petitioner's opposition to the motion to dismiss does not respond to respondents' argument and showing that the petition is untimely. (*See* ECF No. 27.)

## I. BACKGROUND

Petitioner Gilbert White challenges his Nevada state conviction, pursuant to a guilty plea, of two counts of sexual assault on a child. He is serving two concurrent sentences of life with the possibility of parole after twenty years. (ECF No. 15-22; Exh. 22.)[1]

The judgment of conviction was filed on February 15, 2008. Petitioner did not file a direct appeal, and the time to do so expired on Monday, March 17, 2008.

---

[1] The exhibit numbering in respondents' index of exhibits appears to be off by one number on at least some of the exhibits, including as to the judgment of conviction.

After 322 intervening days had elapsed, on February 3, 2009, petitioner filed a timely state post-conviction petition. The state district court denied the petition on the merits, and the state supreme court affirmed. The remittitur concluding the state post-conviction appeal issued on June 7, 2013. (*See* ECF Nos. 15-25, 18-23, 19-12 & 19-13; Exhs. 25, 113, 132 & 133.)

Over two years later, on or about October 25, 2015, petitioner dispatched the federal petition in this matter to the Clerk of this Court for filing. (*See* ECF No. 1-1 at 1.)[2]

The record presented does not reflect any other potentially tolling filings in the state courts or the entry of any amended or corrected judgments of conviction prior to the filing of the federal petition.

Subsequent to the filing of the federal petition, on November 23, 2015, petitioner filed a second state post-conviction petition. The state district court denied the petition as untimely and further on the basis of laches. The state appellate courts affirmed on those grounds as well as on the basis that the petition was successive. The remittitur issued on November 14, 2016. (*See* ECF Nos. 19-16, 19-28, 20-3, 20-12 & 20-13; Exhs. 136, 148, 153, 162 & 163.)

**II. DISCUSSION**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, absent a basis for tolling or delayed accrual, the federal limitation period therefore began running after the March 17, 2008, expiration of the time to file a direct appeal.

Petitioner's timely first state petition statutorily tolled the running of the limitation period under § 2244(d)(2), however, from the February 3, 2009, filing date of the petition

---

[2] All page citations are to the page number in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

through the June 7, 2013, issuance of the remittitur. Three hundred twenty-two (322) days elapsed between March 17, 2008, and February 3, 2009.

Accordingly, absent other tolling or delayed accrual, the federal one-year limitation period expired after another 43 days had elapsed after the June 7, 2013, remittitur, *i.e.*, on Monday, July 22, 2013.[3]

The federal petition was not dispatched for filing until October 25, 2015, more than two years after the federal limitation period had expired, absent a basis for tolling or delayed accrual. The petition therefore is untimely on its face.

Petitioner has not sought to establish a basis for either additional statutory tolling, equitable tolling, or delayed accrual. He further has not sought to make the showing required to overcome the untimeliness of the petition on the basis of alleged actual innocence.

The petition therefore will be dismissed with prejudice as untimely.

## III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 14) is granted and that the petition will be dismissed with prejudice as untimely.

---

[3]Respondents' calculation of the federal limitation period is incorrect in several minor respects that are not outcome-determinative.

First, the time to appeal did not expire until March 17, 2008, not March 16, 2008. With the leap year in 2008, the thirtieth day after the judgment of conviction did fall on March 16, 2008, but that day was a Sunday. The appeal time thus did not expire until Monday, March 17, 2008.

Second, the federal limitation period starts running on the day *after* the appeal time expired not *on* the day that the appeal time expired. *See, e.g., Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (when applying § 2244(d), under Federal Rule of Civil Procedure 6(a), the day of the act, event, or default from which the designated period of time begins to run shall not be included).

Third, the February 3, 2009, date on which petitioner filed his first timely state petition and thereby stopped the running of the limitation period does not count against him in applying the limitation period. Three hundred twenty-two (322) untolled days elapsed *before* that date.

Fourth, the federal limitation period did not begin running again until *after* the June 7, 2013, date of the issuance of the remittitur, not *on* that date. *Patterson, supra*.

Accordingly, thereafter, the federal limitation period expired on Monday, July 22, 2013, because the 43rd day after June 7, 2013, fell on Saturday, July 20, 2013.

3

It is further ordered that a certificate of appealability is denied. Reasonable jurists would not find the district court's dismissal of the petition as untimely to be debatable or incorrect following an essentially unopposed motion to dismiss on the untimeliness issue. Independent review of the record presented confirms that the federal petition was untimely on its face by over two years, and petitioner did not provide any argument in opposition to the motion to dismiss in any way responding to respondents' showing that the petition was subject to dismissal with prejudice as untimely.

It is further ordered that the Clerk of Court enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED THIS 21st day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE